UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

    Plaintiff,

v.                                          Civ. No. 3:06CV0375(AWT)

JOHN H. PECK, JR., ELLEN PECK,
EXECUTRIX OF THE ESTATE OF JOHN
PECK., SR., PECK & PECK, CHRISTINE B.
PECK, LOUISE R. ZITO, PECK PECK &
ZITO, NORA BARKER-JOSEPH,

    Defendants.

---

## RULING ON MOTION TO DISMISS

Defendant Nora Barker-Joseph ("Barker-Joseph") brings counterclaims against the plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia Insurance"), setting forth a claim for breach of contract (First Counterclaim) and seeking a Declaratory Judgment (Second Counterclaim). Philadelphia Insurance has moved to dismiss the First Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). It contends that lack of privity of contract between Philadelphia Insurance and Barker-Joseph prevents her from bringing a claim for breach of contract. Philadelphia Insurance also contends that the Second Counterclaim raises issues that are subsumed by Philadelphia Insurance's claim

-1-

for a declaratory judgment in Count One of the Amended Complaint.

**I.  FACTUAL BACKGROUND**

In December 2003, Barker-Joseph commenced a lawsuit in Connecticut Superior Court, i.e. <u>Nora Barker-Joseph v. John Peck, Jr., et al.</u> Docket No.: NNH-CV-03-0483677-S, (the "Underlying Lawsuit"), alleging claims for legal malpractice and professional negligence against (i) John Peck, Jr., (ii) John Peck, Sr., (iii) Christine B. Peck, and (iv) Peck, Peck & Zito and the subsequent partnership of Peck & Peck (collectively, the "Peck Law Firm").

In the Underlying Lawsuit, Barker-Joseph sought a prejudgment remedy.  Then, on September 16, 2004, a stipulation was entered into by the parties in the Underlying Lawsuit, in which the Peck Law Firm represented to Barker-Joseph that Philadelphia Insurance would provide a prejudgment remedy bond in the amount of $200,000.00.  However, Philadelphia Insurance has refused to provide the bond.

Philadelphia Insurance had in effect a Lawyers Professional Liability Policy, number PHSD 062472 (the "Policy"), covering the Peck Law Firm.  The original application for the Policy was signed on July 28, 1999.  The Policy was renewed annually.  Under the last renewal, the Policy was effective through August 1, 2004.

Philadelphia Insurance seeks a declaratory judgment that it has no obligation under the Policy to defend or indemnify any of

the parties in the Underlying Lawsuit.  Additionally, Philadelphia Insurance seeks to rescind the Policy based on alleged material misrepresentations made by John Peck, Jr. during the application process and in connection with renewals of the Policy.

**II.  LEGAL STANDARD**

In deciding a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  In reviewing a motion to dismiss, the court is limited to the factual allegations in the complaint, attached exhibits, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.  Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).  The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

**III. DISCUSSION**

In the First Counterclaim, Barker-Joseph contends that Philadelphia Insurance breached the terms of the Policy by

failing to provide the bond in the Underlying Lawsuit, by seeking a declaratory judgment without a valid reason to do so, and by seeking to rescind the Policy without a valid reason to do so.

Barker-Joseph has not alleged that Philadelphia Insurance represented to her that it would provide the bond. Also, the fact that Barker-Joseph entered into the stipulation in reliance on a representation by the Peck Law Firm as to what Philadelphia Insurance would do did not create a contractual relationship between her and Philadelphia Insurance.

> [I]n the ordinary liability insurance situation the insurer does not assume a direct obligation to pay, without more, any claim made against its insured--it only agrees to be responsible to a third party claimant if the insured has been held at fault by a court or jury for injury to that party.

Chappel v. Larosa et al. 2001 WL 58057, at *3 (Conn. Super 2001).

However, Barker-Joseph alleges that she is a foreseeable beneficiary of the Policy. Whether a promisor has assumed a direct obligation to one claiming to be a third party beneficiary depends on whether the intent of the parties to the contract was to create a direct obligation from the promisor to the third party. In Gateway Co. v. DiNoia, the court stated that:

> The proper test to determine whether a lease creates a third party beneficiary relationship is whether the parties to the lease intended to create a direct obligation from one party to the lease to the third party. Knapp v. New Haven Road Constr. Co., 150 Conn. 321, 325, 189 A.2d 386 (1963) ("'the ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the

> promisor should assume a direct obligation to the third party [beneficiary]'"; <u>Congress & Daggett, Inc. v. Seamless Rubber Co.</u>, 145 Conn. 318, 324, 142 A.2d 137 (1958) (whether an agreement creates a third party beneficiary depends on "whether the intent of the parties [to the contract] was to create a direct obligation from the [promisor] to the [third party]"); <u>Colonial Discount Co. v. Avon Motors, Inc.</u>, 137 Conn. 196, 202, 75 A.2d 507 (1950) (to determine whether a party is a third party beneficiary, "the final test is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party.").

<u>Id.</u>, 232 Conn. 223, 231, 654 A.2d 342 (1995).

There is no language in the policy that could be interpreted as an expression of an intent on the part of the parties to the Policy that Philadelphia Insurance assume a direct obligation to Barker-Joseph. At most, Barker-Joseph is an "incidental beneficiary" of the policy. See Restatement (Second) of Contracts, at § 302 comment (a) ("This section distinguishes an 'intended' beneficiary, who acquires a right by virtue of a promise, from an 'incidental' beneficiary, who does not.")

With respect to the Second Counterclaim, the court agrees with Philadelphia Insurance that the factual allegations in the Second Counterclaim are subsumed by Philadelphia Insurance's claim for a declaratory judgment in this case.

## IV. CONCLUSION

For the reasons set forth above, Philadelphia Indemnity Insurance Company's Motion to Dismiss (Doc. No. 24) is hereby GRANTED. Judgment shall enter in favor of Philadelphia Indemnity

-5-

Insurance Company on the counterclaims set forth in defendant Nora Barker-Joseph's Answer and Counterclaim.

It is so ordered.

Dated this 26th day of September, 2007 at Hartford, Connecticut.

                                                              /s/AWT
                                        Alvin W. Thompson
                              United States District Judge